IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ETHEL WILLIAMS, JAN WRIGHTSELL, DONELL HALL, and EDWARD BRANDON, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 05 C 4673 |
| ROD BLAGOJEVICH, in his official capacity as Governor of the State of Illinois, CAROL L. ADAMS, in her official capacity as Secretary of the Illinois Department of Human Services, LORRIE STONE, in her official capacity as Director of the Division of Mental Health of the Illinois Department of Human Services, ERIC E. WHITAKER, in his official capacity as Director of the Illinois Department of Public Health, and BARRY S. MARAM, in his official capacity as Director of the Illinois Department of Healthcare and Family Services, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The Americans with Disabilities Act ("ADA") states that the isolation and segregation of individuals with disabilities is a form of discrimination. 42 U.S.C. §§ 12101(a)(2), (5).

Title II of the ADA prohibits discrimination in the providing of public services, stating that no qualified individual with a disability shall, "by reason of such disability," be excluded from participation in, or be denied the benefits of, a public entity's services, programs, or activities. Id. § 12132. Similarly, Section 504 of the Rehabilitation Act provides that no person with a disability shall "solely by reason of her or his disability, be excluded from participation in, be denied benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

The ADA provides that the Attorney General shall issue regulations implementing Title II's discrimination prohibitions. 42 U.S.C. § 12134(a). A regulation, known as the "integration regulation," requires a "public entity [to] administer . . . programs . . . in the most integrated setting appropriate to the needs of qualified individuals with disabilities." 28 C.F.R. § 35.130(d). A further provision, called the "reasonable-modifications regulation," requires public entities to make reasonable modifications to avoid discrimination on the basis of disability, but does not require measures that would "fundamentally alter" the nature of the entity's programs.

Id. § 35.130(b)(7). See generally Radaszewski ex rel. Radaszewski v. Maram, 383 F.3d 599, 607 (7th Cir. 2004); Fisher v. Maram, 2006 WL 2505833 *3-4 (N.D. Ill. Aug. 28, 2006).

Under the public services sections of the ADA, states are required to provide community based treatment for persons with mental disabilities when the state's treatment professionals determine that such placement is appropriate, the affected person consents to the treatment, and placement can be reasonably accommodated, taking into account the resources available and the needs of others with mental disabilities. A reasonable accommodation can be "a reasonable modification to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services." 42 U.S.C. § 12131(2); Oconomowoc Residential Programs v. City of Milwaukee, 300 F.3d 775, 783 (7th Cir. 2002).

The four named plaintiffs in this class action are Illinois residents who have mental illnesses that substantially limit their ability to perform major life activities. They also have a record of such mental illnesses, and are regarded by defendants as having such mental illnesses. Plaintiffs, and others whom they claim to be similarly situated, are currently housed in intermediate care nursing homes classified by the

Illinois Department of Healthcare and Family Services as Institutions for Mental Diseases ("IMDs"). These are institutions with more than 16 beds that are primarily engaged in providing diagnosis, treatment, or care of persons with mental disabilities. See 42 U.S.C. § 1396d(i). Plaintiffs are individuals with disabilities for purposes of the ADA and the Rehabilitation Act. See id. § 12102(2); 29 U.S.C. § 705(20). There are 27 IMDs in Illinois, each housing as many as 100 persons who have mental disabilities.

The five defendants, all sued in their official capacity, are the Governor of the State of Illinois; the Secretary of the Illinois Department of Human Services; the Director of the Division of Mental Health of the Department of Human Services; the Director of the Illinois Department of Public Health; and the Director of the Illinois Department of Healthcare and Family Services.

Plaintiffs' claims in their First Amended Complaint, stated to be on behalf of themselves and persons similarly situated, are: violation of the ADA mandate to administer services and programs in the most integrated setting (Count I); violation of the ADA prohibition on using methods of administration that subject plaintiffs to discrimination (Count II); failure to administer services in the most integrated

setting appropriate in violation of the Rehabilitation Act (Count III); and violation of the Rehabilitation Act's prohibition on using methods of administration that subject plaintiffs to discrimination (Count IV). Plaintiffs seek class certification; declaratory relief that defendants' failure to provide plaintiffs with services in the most integrated setting appropriate to their needs violates the ADA and the Rehabilitation Act; and injunctive relief (i) requiring defendants to inform individuals with mental illnesses that they may be eligible for community services and have a choice of such service, (ii) requiring defendants to promptly determine eligibility for such service, (iii) prohibiting arbitrary denial of eligibility, and (iv) requiring prompt and appropriate services that allow plaintiffs and class members to live in the most integrated setting. Plaintiffs' claims are based on a paradigmatic Supreme Court decision, <u>Olmstead v. L.C.</u>, 527 U.S. 581 (1999), interpreting Title II of the ADA and Section 504 of the Rehabilitation Act.

Defendants have answered the First Amended Complaint, admitting some allegations and denying others. Defendants have also raised, as an affirmative defense, that the relief the plaintiffs seek would fundamentally alter Illinois' mental health services and programs. Defendants also allege that the relief

sought is not necessary because Illinois has already begun to implement a comprehensive deinstitutionalization program that will encompass plaintiffs and provide them with appropriate relief.

Presently before the court is plaintiffs Ethel Williams' and Jan Wrightsell's motion for class certification pursuant to Fed. R. Civ. P. 23(b)(2). The parties have conducted some discovery and submitted memoranda in support of and in opposition to the motion. Plaintiffs propose a class of all persons who: (1) have a mental illness; (2) with appropriate support and services, could live in the community; and (3) are institutionalized in privately-owned IMDs.

The Rule 23(a) requirements for certification of the proposed class are: (1) numerosity, which is not contested; (2) commonality of facts and law, which is not contested; (3) typicality between the class claims and those of the named parties, which is contested; and (4) adequacy of the representation by the named parties and the class counsel, which is not contested. Fed. R. Civ. P. 23(a). In addition, because plaintiffs seek to certify a class under Rule 23(b)(2), they must establish that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding

declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2). This issue is not directly contested. Even as to those requirements that are not in dispute, the court has an independent duty to ensure the requirements are satisfied. Davis v. Hutchins, 321 F.3d 641, 649 (7th Cir. 2003). It is found that numerosity, commonality, adequacy of counsel,[1] and the Rule 23(b)(2) requirements are satisfied.

In deciding whether the representatives seeking class certification have met their burden of proof, the court must make whatever legal and factual inquiries are necessary under Rule 23. However, the decision to certify a class generally does not depend on the strengths or weaknesses of the claims, but rather on whether the representatives and potential class satisfy the requirements of Rule 23. Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177 (1974); Szabo v. Bridgeport Machines, Inc., 249 F.3d 672, 677 (7th Cir.), cert. denied, 534 U.S. 951 (2001); Ligas ex rel. Foster v. Maram, 2006 WL 644474 *2 (N.D. Ill. March 7, 2006).

Defendants' opposition to class certification is based upon their contentions that named plaintiffs are not adequate

---

[1] Although defendants do not expressly raise adequacy of the class representatives, typicality is an issue that also goes to adequacy of representation. See Robinson v. Sheriff of Cook County, 167 F.3d 1155, 1157 (7th Cir.), cert. denied, 528 U.S. 824 (1999). Adequacy of the representatives is addressed below.

representatives of the class because they are not eligible for community living and because the proposed class definition is vague and overbroad.

In arguing that named plaintiffs are not eligible for community living and, therefore, are not entitled to relief or to represent the class, defendants refer to and analyze selected items contained in the medical records of the plaintiffs. Based on a legal analysis of the data, defendants argue that three of the plaintiffs have been found by treatment professionals to be in need of treatment at the intermediate level and that the fourth plaintiff desires to remain in an IMD. Plaintiffs contend that this argument improperly goes to the merits of the case, that some of the references are inaccurate, and that the conclusions suggested are wrong.

Defendants' memorandum is a lay interpretation of parts of records prepared for and by medical professionals. The data goes into the merits of the individual situations and cannot be evaluated by the court at this stage of the proceedings without appropriate foundational and expert testimony. Moreover, the references do not appear to be directly related to whether or not plaintiffs are eligible for community living. There is no clear evidence that the possibility or option of community living has been disclosed to any plaintiff or that a medical professional

has evaluated each plaintiff for this purpose. If any named plaintiff's claim is extremely week and clearly without merit, that plaintiff would likely be an inadequate representative. See Robinson, 167 F.3d at 1157-58; Cavin v. Home Loan Center, Inc., 236 F.R.D. 387, 389 & n.4 (N.D. Ill. 2006). However, here there is no indication that the issues raised by defendants are atypical of the class as a whole. Nor can it be found that any named plaintiff has little chance of qualifying for community placement.

In any event, whether a particular plaintiff qualifies for community living is not essential to plaintiffs' claims. Plaintiffs claim that defendants do not perform the necessary evaluations to make proper determinations regarding community placement. The requested relief is, first, that defendants perform a proper evaluation. Second, relief is requested in the form of requiring proper support and services for those qualified and agreeing to be placed in the community. To be entitled to the second form of relief, but not the first, at least some class members must qualify for community placement. The issues raised regarding the merits of named plaintiffs' claims do not prevent named plaintiffs from being typical and adequate representatives. Cf. Cavin, 236 F.R.D. at 389.

Should the evidence show, on summary judgment or at trial, that defendants are correct that a named plaintiff does not qualify for declaratory or injunctive relief because of facts distinct from those of the class in general, representation of the class by that plaintiff will not be permitted to continue. See Fed. R. Civ. P. 23(c)(1)(C). If all named plaintiffs are disqualified, other qualified class members (if they exist) will be substituted. See Robinson, 167 F.3d at 1158.

Defendants rely on Szabo, 249 F.3d at 675-76, a Rule 23(b)(3) application, for an investigation of the merits at this stage of the proceedings. There the court denied a nationwide class action asserting claims of breach of warranty, fraud, and negligent misrepresentation, because of issues of commonality, manageability, and individual damages. By contrast, plaintiffs bringing an action under Rule 23(b)(2) need merely show that defendants acted on grounds generally applicable to the class for which they seek declaratory and injunctive relief. As recently stated by Judge Holderman in a case making similar claims, "[w]here a defendant's standardized conduct is at issue, this court does not require that the putative class members all suffer the same injury." Ligas, 2006 WL 644474 at *3. Plaintiffs have alleged that defendants' practices and policies effectively deny named plaintiffs and putative class members the

opportunity to move from IMDs to more integrated community settings. Defendants do not deny that their conduct is generally applicable to the class as a whole. Because they do not involve individualized inquiry for the determination of damage awards, declaratory and injunctive actions often present common questions satisfying the standards for certification under Rule 23(b)(2). Baby Neal by Kanter v. Casey, 43 F.3d 48, 57 (3d Cir. 1994); Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure Civil 3d § 1763 at 26-29 (2005); Ligas, 2006 WL 644474 at *3. Commonality and the Rule 23(b)(2) requirement are satisfied.

Defendants also contend that the proposed class definition is vague and overbroad, stating that mentally disabled persons residing at an Illinois IMD suffer from a wide array of ailments, and treatment depends on diverse circumstances. Further they state that it is unclear what medical and mental threshold the IMD residents must meet to be deemed able to live in the community with "appropriate supports and services." Also, they observe that non-consenting patients do not have to be moved into the community.

As was previously discussed, the relief requested does not require that each member of the class be placed in the community. It only requires that a proper evaluation be offered and made and

that appropriate support and services be available for those who qualify for and choose community placement. Therefore, it is not a requirement for class membership that the class member be willing to consent to community placement. A decision to consent to the recommended placement need not be made until after an appropriate evaluation is performed and the individual knows what type of placement is being recommended. Consent will not be made a requirement for class membership.

Also, the first aspect of the relief requested is that the individual be provided a proper evaluation. A proper evaluation does not necessarily mean that the individual will qualify for community placement. Therefore, it is unnecessary to make qualification for community placement a requirement for membership in the class. It is sufficient to define class members as persons who, with appropriate support and services, may be able to live in an integrated community setting. That is a sufficient definition, particularly in a case like this where defendants' conduct toward the class largely defines the class. See Ligas, 2006 WL 644474 at *4.

Taking each of the objections into consideration, the court will define a class for declaratory and injunctive relief consisting of Illinois residents who: (1) have a mental illness; (2) are institutionalized in a privately owned Institution for

Mental Diseases; and (3) with appropriate supports and services may be able to live in an integrated community setting.

IT IS THEREFORE ORDERED that:

(1) Plaintiffs' motion for class certification is granted.

(2) Plaintiffs Ethel Williams and Jan Wrightsell are found to be adequate class representatives.

(3) Joseph M. Russell of Kirkland & Ellis, LLP and Benjamin S. Wolf of the Roger Baldwin Foundation of the American Civil Liberties Union are appointed class counsel.

(4) This case is certified as a class action with a class consisting of Illinois residents who: (a) have a mental illness; (b) are institutionalized in a privately owned Institution for Mental Diseases; and (c) with appropriate supports and services may be able to live in an integrated community setting.

(4) A status hearing will be held on December 6, 2006 at 11:00 a.m.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: NOVEMBER 13, 2006